**James GOMEZ and Daniel Vasquez, Petitioners,**

v.

**The UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent.**

**David Fierro, Robert Harris, and Alejandro Gilbert Ruiz, Real Parties In Interest.**

**No. 92–70237.**

United States Court of Appeals, Ninth Circuit.

May 5, 1992.

**464**

Before: ALARCON, BRUNETTI and NOONAN, Circuit Judges.

## AMENDED ORDER

The issues raised in this emergency petition for a writ of mandamus concerning the validity of the temporary restraining order have become moot by subsequent events.

ONE. After the issuance of the writ of mandate, the Supreme Court concluded that Harris' Section 1983 Civil Rights action was filed "in an obvious attempt to avoid the application of *McCleskey v. Zant,* — U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), to bar this successive claim." *Gomez and Vasquez v. United States District Court for the Northern District of California, et al.,* — U.S. ——, ——, 112 S.Ct. 1652, 1653, 118 L.Ed.2d 293. The Court held that Harris had "made no showing of cause for his failure to raise this claim in his earlier petitions." *Id.*

TWO. The Court also stated, in dictum that "[e]ven if we were to assume, however, that Harris could avoid the application of *McCleskey* to bar his claim, we would not consider it on its merits" because equitable relief is not available to a state prisoner who has failed to demonstrate "good reasons for this abusive delay, which has been compounded by last-minute attempts to manipulate the judicial process." *Id.* Having determined that Harris failed to demonstrate he was entitled to an exercise of the district court's equity jurisdiction, it was unnecessary for the Court to determine whether the district court was required to deny Harris' request for a restraining order under the Younger Abstention Doctrine.

The Supreme Court's decision in *Gomez and Vasquez* is the law of this case.

THREE. The majority issued its writ of mandate on April 20, 1992. The Supreme Court published its opinion shortly after midnight on April 21, 1992. Shortly thereafter, at approximately four o'clock in the morning on April 21, 1992, Judge Harry Pregerson, acting on behalf of this court, granted Harris' ex parte motion "to deem this matter appropriately a petition for a writ of habeas corpus." Thus, Harris' Section 1983 civil rights claim is no longer before this court or the district court.

FOUR. The temporary restraining order expired on April 28, 1992.

FIVE. The temporary restraining order did not concern the Section 1983 civil rights

claims filed by David Fierro or Alejandro Gilbert Ruiz because their executions were not scheduled prior to April 28, 1992.

Accordingly, the order issuing the writ of mandamus is RECALLED and VACATED. The opinion filed on April 20, 1992 is WITHDRAWN. The petition for a writ of mandamus is DISMISSED as moot.

Circuit Judge, NOONAN concurs in the withdrawal of the opinion but not for the reasons stated.